Opinion filed December 17, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed December 17,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00136-CR 

                                                     __________

 

                                  VICENTE
HERNANDEZ, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

                                                           Ector
County, Texas

                                                  Trial
Court Cause No. 07-1984

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

After
the trial court denied his written pretrial motion to suppress, appellant,
Vicente Hernandez, entered a plea of guilty to the offense of driving while
license suspended.  The trial court assessed his sentence at confinement in the
Ector County Jail for a term of three days and a fine of $500.  We affirm.

                                                               Background
Facts








During
the early morning hours of April 25, 2007, Officer James Matthew Davidson of
the Odessa Police Department was assigned to patrol the Anorth sector@
of Odessa.  While patrolling in the vicinity of the Sherwood Medical Center,
Officer Davidson observed a vehicle occupied by appellant parked behind the
building with its lights turned off.  Officer Davidson made a U-turn in order
to go back to the vehicle to check on it.  While Officer Davidson made the
U-turn, the vehicle left from its parked position behind the building.  Officer
Davidson began following the vehicle.  He subsequently stopped the vehicle.

Officer
Davidson advised appellant that he pulled him over because he was Aa suspicious person at a
suspicious place.@  In
this regard, Officer Davidson described the area around the center as a problem
area because of graffiti, burglary, and criminal mischief.  He testified that
the area is frequently patrolled by police officers because of its history of
problems.  Officer Davidson stated that there are never any cars parked behind
the center at that time of night.  Officer Davidson additionally testified that
he became more suspicious when appellant left from his parked position when the
officer drove by him in a marked patrol unit.  On cross-examination, Officer
Davidson denied observing appellant committing any traffic violations.

                                                              Standard
of Review

A
trial court=s denial
of a motion to suppress is reviewed for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  We use a bifurcated
standard of review in analyzing the trial court=s
ruling.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). 
When a trial court=s
fact findings are based on an evaluation of witness credibility or demeanor,
almost total deference is given to its factual determinations that are
supported by the record.  St. George v. State, 237 S.W.3d 720, 725 (Tex.
Crim. App. 2007).  However, on mixed questions of law and fact that do not turn
on the trial court=s
evaluation of witness credibility and demeanor, we conduct a de novo review.  Amador,
221 S.W.3d at 673.  When, as here, no findings of fact were requested or filed,
we review the evidence in the light most favorable to the trial court=s ruling and assume that
the trial court made implicit findings of fact supported by the record.  See
State v. Ross, 32 S.W.3d 853, 855‑56 (Tex. Crim. App. 2000).

                                                                        Analysis

In
a single issue, appellant argues that the trial court erred in denying his
motion to suppress because the evidence of his guilt was obtained Aas the result of an illegal
arrest.@  We note at
the outset that appellant is asserting that his arrest was illegal because
Officer Davidson did not have a sufficient basis for initiating the traffic
stop that led to his arrest.  Accordingly, we direct our analysis to reviewing
Officer Davidson=s
basis for stopping appellant=s
vehicle.  








Under
Terry v. Ohio, 392 U.S. 1 (1968), the police can stop and briefly detain
a person for investigative purposes if they have a reasonable suspicion
supported by articulable facts that criminal activity may be afoot.  United
States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at
30). Reasonable suspicion exists when, based on the totality of the
circumstances, the officer has specific, articulable facts that, when combined
with rational inferences from those facts, would lead him to reasonably
conclude that a particular person is, has been, or soon will be engaged in
criminal activity.  Ford v. State, 158 S.W.3d 488, 492‑93 (Tex.
Crim. App. 2005).  This is an objective standard that disregards any subjective
intent of the officer making the stop and looks solely to whether an objective
basis for the stop exists.  Id. at 492.  Because reasonable suspicion is
an objective determination, the officer=s
motives for conducting the stop are irrelevant to the validity of the stop.  Garcia
v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  Whether the totality
of the circumstances is sufficient to support an officer=s reasonable suspicion is a legal question
that we review de novo.  See Madden v. State, 242 S.W.3d 504, 517 (Tex.
Crim. App. 2007).

We
begin our analysis by noting that there are Texas cases that have analyzed
similar facts with differing results to determine if a police officer had
sufficient grounds for initiating a traffic stop.  For example, in Tanner v.
State, 228 S.W.3d 852 (Tex. App.CAustin
2007, no pet.), the court of appeals affirmed the trial court=s determination that an
officer had reasonable suspicion for initiating a traffic stop of an individual
walking away from the darkened area behind a business that had already closed
for the night.  In Klare v. State, 76 S.W.3d 68 (Tex. App.CHouston [14th Dist.] 2002,
pet. ref=d), the court
of appeals reversed the trial court=s
denial of a motion to suppress the results of a traffic stop initiated after an
officer observed a vehicle parked behind a strip shopping center at 2:30 a.m.

Given
the holding in Klare and its similarity to the facts in this appeal, we
focus our attention on its analysis.  The officer in Klare testified
that he initiated the stop based upon the time of day that he made the
observation, the proximity of the parked vehicle to a closed business, and a
history of burglaries in the area.  Id. at 73-75.  The court determined
that each of these factors, taken individually, will not justify an
investigative stop.  Id.  In this regard, the court stated as follows:








A lawful stop must
be based on more than a vehicle=s
suspicious location or time of day.  Although relevant to our analysis, both
time of day and the level of criminal activity in the area are facts which
focus on the suspect=s
surroundings rather than on the suspect himself.  Consequently, courts
generally require an additional fact or facts particular to the suspect=s behavior to justify a
suspicion of criminal activity. 

 

Id. at 75.  

For
the reasons stated in the dissenting opinion in Klare and the majority
opinion in Tanner, we disagree with the result reached in Klare. 
Tanner, 228 S.W.3d 857-59; Klare, 76 S.W.3d at 77-78.  We should
not focus on each factor observed by the officer on an isolated, piecemeal
basis.  Instead, we are required to review the totality of the circumstances to
assess the reasonable suspicion for an investigative stop.  In this regard,
Officer Davidson observed appellant=s
vehicle parked with its lights out in a high-crime area near a business that
had been closed for several hours.  When viewed together, these factors are Aunusual and highly
consistent with criminal behavior.@ 
Tanner, 228 S.W.3d at 858.  Furthermore, Officer Davidson possessed the
additional fact that the vehicle drove away from its parked position when he
drove past it.  We conclude that the trial court did not err in determining
that Officer Davidson=s
stop of appellant=s
vehicle was supported by reasonable suspicion.  Appellant=s sole issue is overruled.

                                                   This Court=s Ruling

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

December 17, 2009

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists
of:  Wright, C.J.,

McCall, J.,
and Strange, J.